(April 25, 1921.)

## NEW FIRST NATIONAL BANK OF COLUMBUS, OHIO, a Corporation, Respondent, v. MARY B. LINDER-MAN, Treasurer of the City of Weiser, Idaho, Appellant.

[198 Pac. 159.]

MUNICIPAL SEWERAGE IMPROVEMENT—BONDS—INTEREST—PRINCIPAL—METHOD OF PAYMENT—CONSTITUTIONALITY OF STATUTE.

1. Under Revised Codes, section 2353, as amended by Session Laws 1911, chapter 80, subdivision 11, now C. S., section 4149, the funds raised by assessment in a municipal sewerage district should be applied first to the payment of the interest coupons on all unpaid bonds; second, to the redemption of the unpaid bonds in their order beginning with the lowest number.

2. Such method of applying the funds does not violate Idaho constitution, art. 1, section 13, which prohibits the taking of property without due process of law.

APPEAL from the District Court of the Seventh Judicial District, for Washington County. Hon. Isaac F. Smith, Judge.

*Mandamus* proceeding. Alternative writ issued. Motion to quash denied, and peremptory writ issued. *Sustained.*

J. W. Galloway and Frank D. Ryan, for Appellant.

The city is simply a collecting and disbursing agent for the sewer districts and could only pay out as interest what it collected as interest, and for it to take the principal of the paying property owner and use it to pay a delinquent interest assessment of another property owner who has failed to pay his sewer assessment would be a breach of trust and an unlawful application of funds, and in violation of sec. 13, art. 1, of the constitution of Idaho, in that it would, without due process of law, take the principal paid in by paying property owners and utilize it in paying the interest of delinquent property owners. (McQuillin on

Municipal Corp., sec. 2179; *New First Nat. Bank v. City of Weiser*, 30 Ida. 15, 166 Pac. 213.)

The bondholder is given a plain, speedy and adequate remedy at law whereby he may proceed to collect from each property owner the amount due from him. (*New First Nat. Bank v. City of Weiser, supra.*)

"A writ of mandate will not issue where the party seeking it has a plain, speedy and adequate remedy at law." (*Lamberton v. McCarthy*, 30 Ida. 707, 168 Pac. 11.)

Charles F. Reddoch and J. P. Pope, for Respondent.

It is the defendant's duty to comply with the law in disbursing the funds of the local improvement districts in question. (*Frontier Milling etc. Co. v. Roy White etc. Mercantile Co.*, 25 Ida. 478, 138 Pac. 825; *State v. Mulkey*, 6 Ida. 617, 59 Pac. 17; *Swain v. Fritchman*, 21 Ida. 783; 125 Pac. 319; *New First Nat. Bank v. City of Weiser*, 30 Ida. 15, 166 Pac. 213.)

*Mandamus* is the proper remedy to compel an officer to perform a duty enjoined by law. (*Rice v. Gwinn*, 5 Ida. 394, 49 Pac. 412; *Pyke v. Steunenberg*, 5 Ida. 614, 51 Pac. 614; *Williams v. Lewis*, 6 Ida. 184, 54 Pac. 619; *Blackwell Lumber Co. v. Flynn*, 27 Ida. 632, 150 Pac. 42; *Wycoff v. Strong*, 26 Ida. 502, 144 Pac. 341; *Pfirman v. Success Mining Co.*, 30 Ida. 468, 166 Pac. 216.)

McCARTHY, J.—The city of Weiser created certain sewer districts and caused sewers to be installed. The property affected was duly assessed and bonds were issued under the provisions of R. C., sec. 2353, as amended by S. L. 1911, chap. 80, subd. 11, now C. S., sec. 4149. Respondent bought certain of these bonds. Appellant, the city treasurer, had on hand sufficient funds paid on assessments to pay all the interest due on outstanding bonds. Respondent presented overdue interest coupons to the amount of $584.68. Appellant refused to pay said coupons except in accordance with a partial payment plan whereby she makes payments upon all interest coupons and the

principal of the bonds in proportion that the amount of money she has on hand bears to the entire issue of said bonds outstanding. · Such method would not pay the interest on overdue interest coupons the payment of which was demanded by respondent. The above are the facts set forth in respondent's petition for a writ of mandate and admitted by appellant's motion to quash the alternative writ. Respondent prayed for a peremptory writ ordering appellant to apply the moneys on hand first to the payment of interest due on all unpaid bonds; second, to the redemption of the unpaid bonds in their order beginning with the lowest number. Upon the district court's denying appellant's motion to quash the alternative writ, appellant's default was entered for a refusal to plead further and a peremptory writ of mandate issued in accordance with the prayer of respondent's petition. From the order denying the motion to quash the alternative writ and the judgment, appellant appeals.

The question is the interpretation of R. C., sec. 2353, as amended by S. L. 1911, chap. 80, subd. 11, now C. S., sec. 4149. Appellant contends, first, that moneys paid on sewer assessments should be kept in two funds, a fund for interest and a fund for principal, and applied accordingly; second, that the judgment conflicts with the decision of this court in *New First Nat. Bank v. City of Weiser,* 30 Ida. 15, 166 Pac. 213; third, that applying the money in the method contended for by respondent would result in depriving property owners in the district of their property without due process of law; and, fourth, that *mandamus* is not the proper remedy.

We cannot agree with the contention of counsel for appellant that the statute contemplates a separate interest fund and a separate principal fund. The provision that "The city treasurer or other authorized officer of such city, town or village, shall pay the interest on the bonds authorized to be issued by this chapter out of the respective local improvement funds from which they are pay-

able," refers to the "funds" of the various improvement districts, each district having its own special fund. It is clearly intended that the interest and principal collected for the payment of the bonds of a given district shall be placed in the same fund. Otherwise the provision that "Whenever there shall be sufficient money in the local improvement fund against which bonds have been issued under the provisions of this chapter, over and above sufficient for the payment of interest on all unpaid bonds, to pay the principal of one or more bonds the treasurer shall call in and pay such bonds," becomes unnecessary and meaningless. This interpretation is also supported by the following language of the statute: "Each bond shall provide that the principal sum thereon named and the interest thereon shall be payable out of the local improvement fund created for the payment of the cost and expense of such improvement and not otherwise."

*New First Nat. Bank v. City of Weiser,* 30 Ida. 15, 166 Pac. 213, is not controlling because it involves the construction of a different statute, to wit: R. C., sec. 2238, as amended by S. L. 1911, chap. 81. That statute, unlike the one involved in the present case, has no provision to the effect that the fund shall be first applied to the payment of interest on all unpaid bonds, and, second, to the redemption of the unpaid bonds. In that case the court held that the defendant was paying out the funds in exact accordance with the provisions of the statute under which the bonds were issued.

Appellant's contention that the method of payment directed by the judgment deprives property owners in the district of their property without due process of law is not borne out by the facts.

The statute provides: "Where any piece of property has been redeemed from liability of the costs for any improvements as herein provided, such property shall not thereafter be liable for further assessment for the costs of such improvement except as hereinafter provided"; thus limit-

ing each taxpayer's liability to the payment of his own assessment. (R. C., sec. 2353, as amended by S. L. 1911, chap. 80, subd. 11, now C. S., sec. 4148.) There is no question of the diversion of funds collected from one taxpayer, for principal and interest on the bonds issued, to the payment of interest due from a delinquent. The bonds are issued against the work of the improvement district as a whole. No particular bonds are issued against any particular parcels of property. The uniformity in the denomination of the bonds and the variation in the amounts assessed against the property owners preclude any such arrangement. Each taxpayer simply pays his proportionate share or assessment, whether on principal or interest, into the district improvement fund, and when he has done so his liability is ended. The bondholders look primarily to the local improvement district fund for the payment; first, of all the interest due, then of the matured bonds themselves in numerical order as far as the money collected will go. If there should be payments due for interest or principal and no money in the fund to pay them, the bondholder might then foreclose the liens which the statute gives them upon the property of the delinquent taxpayers. This would work no hardship upon the provident taxpayers, for, as we have seen, their liability is limited to the assessment made against their property. The bondholders would be able to proceed only against those taxpayers who had failed to pay their assessments and would also be limited to the extent of the assessments.

Appellant has on hand more than sufficient money to pay all interest on unpaid bonds. As the statute requires her to first pay the outstanding interest and then call in as many bonds as she has funds to take up, and as she has refused to do this, after proper demand, *mandamus* is the appropriate remedy to compel her to perform the duty enjoined by the statute. There is no other remedy to enforce the right asserted, viz., the right to have the money in the hands of the treasurer paid out in accordance with

law.   The judgment of the district court is affirmed.   Costs are awarded to respondent.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.

Petition for rehearing denied.