(No. 6507.   April 25, 1938.)

FIRST NATIONAL BANK OF CALDWELL, IDAHO, a Corporation, Appellant, v. THE CITY OF CALD-WELL, a Municipal Corporation; LOCAL IMPROVE-MENT DISTRICT NO. 7, a Municipal Improvement District; E. L. VASSAR, Mayor; EDGAR L. OAKES, G. W. MONTGOMERY, G. M. FENRICH, W. R. HOL-LINGSWORTH and W. S. BOYNTON, Councilmen; O. E. FRITTS, Clerk, and H. E. PARMENTER, Treasurer, All of the City of Caldwell, Respondents, and MORRISON–KNUDSON COMPANY, a Corporation, Intervenor and Respondent.

[78 Pac. (2d) 1098.]

Walter Griffiths, for Appellant.

Cleve Groome, for Respondents, City of Caldwell et al., Charles F. Reddoch and Fred J. Babcock for Intervenor and Respondent.

AILSHIE, J.—May 31, 1928, the city council of Caldwell passed, and the mayor approved, Ordinance No. 453, creating Improvement District No. 7, providing for the oiling of certain city streets and for taxing and assessing the expenses

against the lots benefited. By resolution, November 19th, an assessment roll, showing apportionment of benefits, was adopted and approved. The city council regularly advertised for bids for construction of the improvements. August 7, 1929, Morrison-Knudsen Company, Intervenor herein, submitted its bid, which was accepted, and a contract was entered into between the city and the company. Improvements were made by the intervenor and accepted by the city. November 4, 1929, finding the former assessment insufficient to pay costs of the improvements, a reassessment of benefits was made by the street committee and later confirmed by the city council and mayor.

January 7, 1930, by order of the city council, warrants Nos. 1 to 1577, were issued, payable out of the improvement district fund, one-half payable on or before the 4th Monday of December, 1931, and the second half on or before the 4th Monday of December, 1932. All warrants were paid except three, No. 1575, amounting to $2,000, No. 1576, for $2,989.31, and No. 1577, for $2,330.49; the latter warrant was negotiated to intervenor. Warrants No. 1575 (divided into five counterparts) and No. 1576 were issued and negotiated to appellant bank. Subsequent to the commencement of this action, the city treasurer paid $555.79 to appellant, and it was stipulated by the parties that this latter payment should not be construed as an admission or waiver in any respect. January 7, 1935, the outstanding warrant indebtedness against the improvement fund was $6,097.70; there were delinquent assessments against the district amounting to $3,711.55. February 24, 1936, the sum of $988.91 was on deposit in the improvement fund.

This action was instituted by plaintiff bank to enjoin and restrain defendants from diverting the money in the local improvement fund or applying it in any other manner than to pay the outstanding warrants in their numerical order. Morrison-Knudsen Company intervened and prayed for an order directing defendants to apply the money on hand proportionately or ratably upon outstanding warrants against the improvement district. Judgment was entered decreeing that the rights of appellant and intervenor were of equal dignity and priority and that they should share ratably in

the fund, and that all money thereafter accruing in said fund should be shared ratably between them. The appeal herein is from the judgment.

The ultimate question to be determined in this case is whether the holders of the unpaid warrants, 1575, 1576 and 1577, were entitled to prorate in the funds available for the payment of warrants or whether the warrants should be paid in their numerical order. The trial court held that they should prorate and the bank, holder of the lowest numbered unpaid warrants, has appealed and contends that its warrants should have been paid before any money was applied to the higher numbered warrants.

There is no dispute as to the facts of this case. It was stipulated on the trial as follows:

"It is agreed that said local improvement district No. 7, was duly and regularly created as provided by law and regular assessments duly imposed as provided by law.

"It is further agreed that this stipulation together with the pleadings constitute the entire record to be submitted to the court for the determination of the rights of the parties herein."

From the pleadings, which are admitted to be true, it appears that, instead of issuing ten-year improvement district bonds, under the provisions of the statute, sec. 49–2525, I. C. A., the city council and mayor concluded that the assessments could be met in two years, and accordingly provided by ordinance for the issuance of a series of warrants, making half of them payable in 1931 and the other half in 1932. Warrants for the first year were paid and all of the second year's warrants were paid except as hereinabove stated. But, as usually occurs in these improvement districts, considerable of the property was allowed to be sold for state and county taxes, and as a consequence there was not enough money raised from the assessments to meet all of these obligations. The ordinance providing for the issuance of these warrants and the manner of their payment has not been plead at length nor was it introduced in evidence. It appears, however, from the pleadings (admitted as true) that the ordinance, among other things, contained the following provisions:

(In the answer of defendants)

"and further provided that the said warrants shall be numbered consecutively from one up, and that whenever there should be sufficient moneys in the funds of the said district over and above the amount necessary for the payment of interest on all unpaid warrants of the said district, and to pay the principal of said warrants, the treasurer shall call in and pay such warrants in their numerical order, in the lowest number first, . . . .

"That the said ordinance further provided that the warrants issued by the city treasurer for the payment of the costs and expenses of the improvements in Local Improvement District No. 7 should be paid out of the proceeds of the collection of the assessments made for the payment of the cost and expenses of said improvement; and further provided that when there is any amount credited to the fund of the said improvement district sufficient to pay the warrant or warrants next entitled to the payment therefrom, the said city treasurer shall give notice of the call for payment of the same in the same manner as provided by law for the payment of other outstanding warrants, and shall pay such warrants and interest accrued thereon in the manner provided by law out of the funds belonging to said Local Improvement District No. 7.''

(and in the complaint in intervention)

"and further provided that the said warrants shall be numbered consecutively from one up, and that whenever there should be sufficient moneys in the funds of the said district over and above the amount necessary for the payment of interest on all unpaid warrants of the said district, and to pay the principal of said warrants, the treasurer shall call in and pay such warrants in their numerical order, in the lowest number first.''

It is the contention of respondents that the statute, sec. 49–2532, which provides for the payment of bonds and requires that they "shall be called and paid in their numerical order,'' has no application to the issuance or payment of improvement district warrants. We do not deem it necessary to pass on this contention, for the reason that it stands admitted that the city ordinance, providing for making this district improvement and levying the assessment, specifically

provides that "the treasurer shall call in and pay such warrants in their numerical order, in the lowest number first", . . . . Our attention has not been called to any statutory or other prohibition against a municipality adopting such an ordinance and entering into such an arrangement for the making of a public improvement. The requirement with reference to the order in which these warrants shall be paid appears to be in harmony with the public and legislative policy of the state, in that it coincides with the method pointed out for the payment of improvement district bonds, sec. 49–2532, *supra.* (See *First Nat. Bank v. Linderman,* 33 Ida. 704, 198 Pac. 159.) And the time during which these warrants are authorized to run is well within the time prescribed by the statute for the running of bonds. (Secs. 49–2525–49–2527). If the city authorities thought it would be too burdensome to require the full assessment of benefits to be paid at one time, as provided by sec. 49–2525, and still thought it might be paid in two years, and thereby avoid the necessity of issuing ten-year bonds, it would seem that they possessed the power to so provide. The grant of the greater power ought to embrace the exercise of the intermediate or lesser power so long as there is no prohibition against doing so. We have no hesitancy in holding that, where no question is raised at the time as to their power to adopt the ordinance and prescribe the method of payment, and the improvement has been made, the assessments have been levied and collected and the warrants have been issued, it is the duty of the city to pay them out of the funds so raised and in the manner provided by the ordinance.

A great deal has been said in the briefs about *Meyers v. City of Idaho Falls,* 52 Ida. 81, 11 Pac. (2d) 626, but we do not think that case is controlling here. It was dealing with the question as to whether improvement bonds should be paid in their numerical order or prorated where there is not enough collected from the assessments to pay all bonds in full. That decision was rendered under the statutes as they existed prior to the Act of March 15, 1927 (1927 Sess. Laws, chap. 257, sec. 27). The latter statute omitted the "equality clause" discussed in the Meyers case.

We conclude that judgment must be reversed and the case will be remanded with direction to the trial court to enter judgment directing payment of the outstanding warrants in their numerical order, in accordance with the provisions of the ordinance which authorized their issuance. Costs awarded in favor of appellant.

Holden, C. J., and Morgan, Budge and Givens, JJ., concur.